## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PAMELA BANKS,                        )
                                     )
              Plaintiff,             )
                                     )
                                     )
vs.                                  )        Case No.  15-2602-JAR-TJJ
                                     )
ST. FRANCIS HEALTH CENTER,           )
INC.,                                )
                                     )
              Defendant.             )
_____)

### MEMORANDUM AND ORDER

Plaintiff Pamela Banks filed this action alleging that Defendant St. Francis Health Center,

Inc., as her employer, discriminated and retaliated against her in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Kansas Act Against Discrimination.  Before

the Court is Defendant's Motion to Dismiss, or in the Alternative, to Transfer Jury Trial Venue

(Doc. 7).  The motion is fully briefed and the Court is prepared to rule.  The Court finds that

Defendant's motion to dismiss is moot in light of the recently filed Second Amended Complaint,

which alleges further facts in support of Plaintiff's claim that St. Francis is her employer under

the joint employer test.[1]  As described more fully below, the Court denies Defendant's

alternative motion that the trial venue be transferred from the Kansas City to the Topeka

Division.

In the alternative to dismissal, Defendant requests that the trial be held in the Topeka

Division, rather than Kansas City.  In her Complaint, Plaintiff requested Kansas City as the place

---

[1] *See Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1227–28 (10th Cir. 2014) (discussing factors under joint employer test).

of trial.  Under D. Kan. R. 40.2: "The court shall not be bound by the requests for place of trial

but may, upon motion by a party, or in its discretion determine the place of trial."  In this district,

when considering a motion for intra-district transfer, courts look to the same factors relevant for

change of venue under 28 U.S.C. § 1404.[2]  Under a § 1404(a) analysis, a district court should

consider the plaintiff's choice of forum, the convenience for witnesses, the accessibility of

witnesses and other sources of proof, the possibility of obtaining a fair trial, difficulties that may

arise from congested dockets, and "all other considerations of a practical nature that make a trial

easy, expeditious and economical."[3]  The burden of proving that the existing forum is

inconvenient lies with the moving party.[4]  Although a plaintiff's forum choice "should rarely be

disturbed,"[5] the plaintiff's choice of forum receives little deference when, as here, the plaintiff

does not reside there.[6]

The parties focus on the convenience factors.  Defendant urges that Kansas City is an

inconvenient forum for the witnesses that are expected to testify, as well as for the parties.

Although it is true that both parties are based in Topeka, Defendant does not identify any of its

expected witnesses.  Plaintiff identifies two witnesses, Ms. Clark and Ms. Redding, who live out

of state and will be required to travel by air for trial.  Plaintiff contends that Kansas City is a

---

[2]*See, e.g.*, *Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *1 (D. Kan. May 12, 2009); *Benson v. Hawker Beechcraft Corp.*, No. 07-2171-JWL, 2007 WL 1834010, at *1 (D. Kan. June 26, 2007).

[3]*Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1515–16 (10th Cir. 1991) (citing *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1957)).

[4]*Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (citing *Chrysler Credit Corp.*, 928 F.2d at 1515).

[5]*Id.*

[6]*Benson*, 2007 WL 1834010, at *2; *see also Menefee*, 2009 WL 1313236, at *1.  The Second Amended Complaint alleges that Plaintiff lives in Topeka, Kansas.  Doc. 23 ¶ 1.

more convenient forum for these witnesses because it has an international airport.   Plaintiff's

expert is also located in the Kansas City area.  The Court finds that this factor weighs in favor of

Plaintiff based on the information available at this time.

Both parties agree that the location of evidence and cost of making necessary proof is not

significant given that most discovery in this case would be handled electronically, or through

overnight shipping.  And neither party contends that the other change of venue factors are at

issue in this case.  In sum, the Court cannot find based on this record that Defendant has met its

burden of showing that Kansas City is an inconvenient forum for the parties and witnesses.  The

Court therefore denies Defendant's motion to hold the trial in Topeka.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to

Dismiss, or in the Alternative, to Transfer Jury Trial Venue (Doc. 7) is moot in part and denied

in part.  The motion to dismiss is moot.  The motion to transfer venue is denied.

**IT IS SO ORDERED**.

Dated: July 24, 2015

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE