UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAMELA BANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-cv-2602-JAR-TJJ |
| | ) |
| ST. FRANCIS HEALTH CENTER, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER REGARDING PLAINTIFF'S IN CAMERA PRIVILEGE LOG

At the August 31, 2015 telephone discovery conference, the parties and the Court discussed Plaintiff's objections to certain requests for production served by Defendant. The Court advised Plaintiff that if she was withholding any documents responsive to Defendant's discovery requests as privileged or as protected trial-preparation materials, she would need to produce a privilege log describing the documents withheld from production. Plaintiff's counsel objected to producing a privilege log, specifically to a privilege log that identified the names of potential clients he interviewed about representation of their own claims.

On September 4, 2015, Plaintiff submitted a two-page In Camera Privilege Log describing the documents withheld from production. While contending that the disclosed communications are not proper subjects for discovery, Plaintiff provided the privilege log to the Court for an in camera review and a determination whether such information must be disclosed to Defendant. The Court thereafter requested that Plaintiff's counsel provide additional information with respect to the first entry on the privilege log, which was provided on September 9, 2015.

Federal Rule of Civil Procedure 26(b)(5)(A) requires that a party withholding information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material must:

> (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

As the Court understands it, Plaintiff's counsel is arguing that disclosing the identity or name of the potential clients who contacted him about representation is itself privileged information. Plaintiff's counsel argues that he is prohibited ethically from disclosing this information, which he received in confidence from the potential clients.

The Court here declines to address whether the identities or names of potential clients who contacted Plaintiff's counsel about potential representation of their own possible discrimination claims, allegedly after hearing about Plaintiff's claims against Defendant, are themselves privileged information or otherwise protected from disclosure. As the Court previously pointed out to the parties, caselaw in this District suggests that client identities are not protected by the attorney-client privilege.[1] However, given the concerns raised by Plaintiff's counsel and the fact that the purpose of the privilege log can be satisfied in this case without identifying the clients or potential clients, the Court will not require the inclusion of the names of the potential clients in the privilege log. Based upon the other information provided in Plaintiff's

---

[1] *See ERA Franchise Sys., Inc. v. Northern Ins. Co. of New York*, 183 F.R.D. 276, 279 (D. Kan. 1998) ("not all communications between attorney and client are privileged, including 'the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed.'"); *Hoffman v. United Telecoms., Inc.*, 117 F.R.D. 440, 444 (D. Kan. 1987) (attorney-client privilege did not apply to identities of current or former employees or applicants for employment because no showing that attorney-client relationship existed between counsel and potential claimants, and, even if such a relationship did exist, the attorney-client privilege would nevertheless not apply because it extends to communications, but not to all facts which may be learned in the course of such communications.)

privilege log, Defendant can adequately assess the claim of privilege without the potential clients' name.

**IT IS THEREFORE ORDERED THAT** Plaintiff shall produce to Defendant the privilege log submitted to the Court for an in camera review, which lists all documents responsive to Defendant's discovery requests that Plaintiff is withholding on the basis of the attorney-client privilege or as subject to protection as trial-preparation materials.  Plaintiff is not required to include on the privilege log **the names of the potential clients** who contacted her counsel inquiring about representation of their own claims.  Plaintiff may redact or remove the names of the potential clients from the privilege log before producing it to Defendant.  Plaintiff shall produce her revised privilege log to Defendant on or before **September 30, 2015**.

IT IS SO ORDERED.

Dated this 15th day of September 2015, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge