UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAMELA BANKS,                              )
                                           )
                    Plaintiff,             )
                                           )
v.                                         )          Case No. 15-cv-2602-JAR-TJJ
                                           )
ST. FRANCIS HEALTH CENTER, INC.,           )
                                           )
                    Defendant.             )

## MEMORANDUM AND ORDER

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 and 42

U.S.C. §1981, alleging racial discrimination, harassment, and retaliatory conduct by Defendant's

employees.  This matter is before the Court on Plaintiff's Motion to Compel Defendant to Search

for and Produce Electronically Stored Information and Other Documents and Answer Certain

Interrogatories (ECF No. 63).  Plaintiff requests, pursuant to Fed. R. Civ. P. 37, an order

compelling Defendant to search for and produce documents and electronically stored information

("ESI") responsive to Request for Production Nos. 2, 10, 11, and 16, and to answer Interrogatory

Nos. 16 and 17.  As set forth herein, the motion is granted in part and denied in part.

## I.    Discovery Requests in Dispute

### A.    Plaintiff's Request for Production No. 2 (Investigation Documents)

Plaintiff's original Request No. 2 requested:  "Each personnel file, human resource file,

or investigative file Defendant maintained on Plaintiff. This request includes files regarding

Plaintiff that were created or maintained by individual supervisors, employees, or managers."

Defendant objected to Request No. 2 as vague and ambiguous, and further stated that it did not

maintain any such file "on Plaintiff."  Defendant also objected that Request No. 2 sought

documents regarding materials from Defendant's investigation that were protected from disclosure as attorney-client privileged and work product. Defendant stated it would produce non-privileged materials regarding the investigation. Defendant also served a privilege log identifying responsive documents it was withholding as attorney-client privileged and/or work product.

On October 14, 2015, Defendant served its supplemental responses and objections. Defendant asserted the same objections as in its original response, but added that it had produced its non-privileged materials regarding the investigation of Plaintiff's complaints along with acknowledgement forms Plaintiff signed. Plaintiff thereafter served an amended Request No. 2 narrowing the scope of the documents sought. In her Amended Request for Production No. 2, Plaintiff asks Defendant to produce:

> Each document maintained by Defendant's managers or supervisors that mentions complaint[s] by Plaintiff or Ms. Clark alleging discrimination, harassment, hostility by co-workers and/or retaliation. This request includes communications or documents to or from Conifer regarding Plaintiff or Ms. Clark's complaints.

On March 16, 2015, Plaintiff filed her motion to compel with respect to Request No. 2, requesting that the Court find sixteen entries on Defendant's privilege log deficient because they fail to show that the documents contain legal advice and/or were prepared under threat of "imminent" litigation. Plaintiff stresses that many of the documents identified in the privilege log were prepared months before Plaintiff filed her charge of discrimination.

## 1.      Duty to Confer Prior to Filing the Motion

Defendant contends that Plaintiff's complaints about the privilege log are not properly before this Court because Plaintiff has not made reasonable efforts to confer prior to filing her motion. Defendant describes Plaintiff's conferring efforts with respect to Defendant's privilege

log as consisting of merely two letters, one of which Plaintiff served merely four hours before filing the instant motion.  With respect to counsel's two-hour phone call on September 29 and subsequent phone call on October 5, 2015, Defendant claims that Plaintiff "expressed an inability to discuss the privilege log at that time."  Defendant contends Plaintiff has thus not made a "reasonable effort to confer" prior to filing her motion, and her motion should be denied on that basis.

As provided in D. Kan. Rule 37.2, the court "will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."  This Rule further specifically explains that a "reasonable effort to confer" is "more than mailing or faxing a letter to the opposing party.[1] It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."[2]

The purpose of D. Kan. Rule 37.2 is to encourage parties to satisfactorily resolve their discovery disputes before resorting to judicial intervention.[3] "Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute the parties themselves could have resolved, it must needlessly expend resources it could better utilize

[1] D. Kan. Rule 37.2

[2] *Id.*

[3] *Activision TV, Inc. v. Carmike Cinemas, Inc.*, No. 14-208-JWL, 2014 WL 789201, at *2 (D. Kan. Feb. 26, 2014).

3

elsewhere."[4] In determining whether the movant's efforts to confer were reasonable, the court "looks at all the surrounding circumstances."[5]

In conjunction with the motion to compel, Plaintiff's counsel filed a Certificate of Compliance (ECF No. 62) certifying that he conferred in good faith with Defendant's counsel in an attempt to resolve the dispute without seeking court intervention.  The Certification states that Plaintiff's counsel emailed a "Golden Rule" letter on September 14, 2015, the parties conducted "multiple" telephone conferences over both the discovery and depositions, and the parties conferred with the Court during a discovery conference.  The Certification also indicates that Defendant served supplemental documents on October 12, 2015, and Plaintiff amended some of her discovery requests on October 16, 2015, in hopes that the few remaining disputed items could be resolved.

The Court will not deny Plaintiff's motion to compel for failure to confer.  At the October 6, 2015 discovery conference, Plaintiff's counsel advised the Court of his intent to file this motion to compel discovery and described some of the issues he intended to raise in the forthcoming motion. It was obvious to the Court at the discovery conference that Defendant was aware of the issues that Plaintiff intended to raise in the motion.  After some discussion of those issues, the Court set an expedited briefing schedule on Plaintiff's forthcoming motion to compel discovery, setting Defendant's response deadline five business days after Plaintiff filed her motion and the reply deadline three business days after that.[6]  Although Plaintiff filed the instant motion the same day as she served her letter and Amended Request No. 2, Plaintiff had

---

[4] *Id.* (quoting *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996)).

[5] *Id.*

[6] *See* Order Memorializing Rulings from October 6, 2015 Motion Hearing and Discovery Conference (ECF No. 60).

previously raised the issues with respect to deficiencies in Defendant's privilege log in her September 14, 2015 "Golden Rule" letter.[7]  Plaintiff's subsequent amendment of her Request No. 2 does not impact the privilege log issues raised by Plaintiff in the instant motion.

Under the unique circumstances here, as set out in Plaintiff's Certificate of Compliance (ECF No. 62), as well as the in-person discovery conference conducted by the Court on October 6, 2015, admitted communications between counsel before and after the conference, and the expedited abbreviated briefing schedule set by the Court regarding the subject motion to compel, the Court finds Plaintiff made a reasonable effort to confer prior to filing her motion.  Thus, the Court finds Plaintiff complied with the conference requirement of D. Kan. Rule 37.2.[8]

### 2.      Sufficiency of Defendant's Privilege Log

Plaintiff claims in her motion that Defendant's privilege log is facially defective because it does not conform to established precedent in this District.  Specifically, Plaintiff argues that Defendant has not made a sufficient showing that the withheld emails, Word documents, and Excel document are protected by either the attorney-client privilege or work product doctrine. She identifies sixteen entries on Defendant's privilege log where she claims Defendant has not established that the documents were made for the purpose of seeking legal advice and/or were prepared under a threat of imminent litigation.

Defendant asserts in its response brief that each privilege log entry disputed by Plaintiff relates to the investigation into Plaintiff's claims of racial discrimination and harassment, which form the basis for this litigation. It further asserts that all log entries describe communications by

---

[7] Pl.'s Sept. 14, 2015 Letter (ECF No. 62-1).

[8] However, the Court does not condone Plaintiff's apparent failure to discuss and talk with Defendant regarding the disputed discovery issues after the October 6, 2015 hearing and prior to filing the motion.

and between counsel for Defendant and its officers and agents, and these communications were made for the purpose of seeking legal advice.  According to Defendant, Plaintiff's only explicit challenge is her suggestion that litigation was not imminent, but Defendant argues that this is not an element of attorney-client privilege.

Because Plaintiff's claims in this Title VII and Section 1981 employment action arise under a federal statutory scheme, federal law (instead of state law) provides the rule of decision as to application of the attorney-client privilege.[9]  Under federal common law, the essential elements of the attorney-client privilege are:

> (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except if the protection is waived.[10]

The purpose of the attorney-client privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client."[11]  The privilege thus protects both the attorney's communication of professional advice to those who can act on that advice as well as the client's

---

[9] *See* Fed. R. Evid. 501 ("The common law--as interpreted by United States courts in the light of reason and experience--governs a claim of privilege."); *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 425 (D. Kan. 2009).

[10] *New Jersey*, 258 F.R.D. at 425.

[11] *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

communication of information to the attorney so that the attorney can provide sound and informed advice.[12]

The party asserting the attorney-client privilege bears the burden to establish its applicability.[13]  A party asserting a privilege in response to discovery requests is subject to the requirements of Fed. R. Civ. P. 26(b)(5)(A), which requires a party withholding information otherwise discoverable by claiming that the information is privileged to:

> expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

A privilege log must provide sufficient information to allow the other party assess the claimed privilege.[14]  In *Helget*, the plaintiff made similar arguments attacking the sufficiency of the defendant's privilege log because the log entries did not state that the withheld emails contained any "requests for advice from the City or any actual advice given by the City's attorneys."[15]  The City argued that its privilege log descriptions were sufficient in that they described the documents and their substance without revealing any of the privileged information.[16]  It also argued that the lack of the words "advice" or "advise" in the privilege log entries did not change the fact that the emails involved the legal advice of counsel.  The *Helget* court agreed with the City and found that taken as a whole, the documents sufficiently

---

[12] *Brown v. Unified Sch. Dist. No. 501*, No. 10-1096-JTM, 2011 WL 111693, at *4 (D. Kan. Jan. 13, 2011)(citing *Upjohn*, 449 U.S. at 389–90).

[13] *Kannaday v. Ball*, 292 F.R.D. 640, 644 (D. Kan. 2013).

[14] *Helget v. City of Hays*, No. 13-2228-KHV-KGG, 2014 WL 1308890, at *3 (D. Kan. Mar. 28, 2014).

[15] *Id.*

[16] *Id.*

established that the communications listed on the privilege log all involved the City's attempts to compile and review information in an attempt to respond to the plaintiff's discovery requests.[17] Recognizing that the City was attempting to provide sufficient information without divulging the substance of the privileged information, the *Helget* court concluded that the privilege log was sufficiently detailed to establish that the documents being withheld were made in confidence for the purpose of obtaining legal advice.[18]

In this case, the Court has reviewed the sixteen privilege log entries challenged by Plaintiff and concludes that Defendant has established the elements of attorney-client privilege. The log indicates that the withheld emails, Word documents, or Excel documents were either authored by or sent to Defendant's counsel or Defendant's in-house counsel, and the subject of the communication was Plaintiff's allegations and Defendant's investigation.  Although the log entries do not expressly state that the withheld emails and documents were for the purpose of seeking legal advice, Defendant attached the Affidavit of its counsel (ECF No. 70-1), in which counsel states that the materials set forth in Defendant's privilege log asserting attorney-client privilege "were communications between counsel for [Defendant] and [Defendant] for the purpose of seeking legal advice."  Defendant has sufficiently established the attorney-client privilege applies to these documents.  With regard to Plaintiff's argument that Defendant's log fails to show that litigation was imminent, the Court agrees with Defendant that this is not an element of attorney-client privilege, but rather is required to establish the documents are protected work product.  As the Court finds that all the documents identified on Defendant's privilege log are protected by the attorney-client privilege, the Court need not address whether

---

[17] *Id.*

[18] *Id.*

8

the documents are additionally exempt from discovery as work product.  Plaintiff's motion to

compel with respect to her amended Request No. 2 is denied.

> **B.**      **Request No. 10 (Search Terms)**

Plaintiff's Request No. 10 asks Defendant to produce for the period of January 1, 2012 to

present, any ESI (in native format with all metadata and attachments included) that was received,

sent or created by four employees that mentions Plaintiff and/or contains any of seventy race or

discrimination-based terms.  Defendant asserted the following objection:

> [Defendant] objects to Request No. 10 as imposing obligations in excess of those
> set forth in Fed. R. Civ. P. 34(b)(2)(E). Further, the breadth of Request No. 10
> does not comport with the discussions during the Rule 16 planning conference
> with Judge James or the Scheduling Order's directives. [Defendant] objects to
> Request No. 10 as improperly duplicative of Request Nos. 6 and 9 in seeking all
> documents "that mention[ ]" Plaintiff. [Defendant] further objects to Request No.
> 10 as overbroad and not reasonably calculated to lead to the discovery of
> admissible evidence. Plaintiff's racial allegations do not involve emails from any
> of the individuals implicated in this request other than Donna Safarik, and
> plaintiff already has a copy of this email. Request No. 10 is unduly burdensome
> because this request would require [Defendant] to run a series of 75 different
> terms - some as common as "boy," "cocoa," "gun," "Obama," and "steal" -
> through each individual's email, then require the parties to sift through emails
> searching for ones having any connection to this case.

When Plaintiff raised this issue at the October 6, 2015 discovery conference, Defendant

offered to run ten search terms for the four employees.  Plaintiff thereafter reduced the requested

search terms from seventy to ten terms, but included responsive documents to include those with

Plaintiff's name, as well as La'Sherezz Clark.

Plaintiff requests in her motion that the Court order Defendant to run the requested ten

searches and produce the results in native format with metadata attached.  Defendant objects to

Plaintiff's complaints as to "ESI Generally."  It contends that Plaintiff failed to advise of her

intent to seek ESI in this case and identify the categories of information she sought prior to

serving her discovery.  It also points out that it has already provided materials in native format

where possible, while none of Plaintiff's production of emails, recordings, and photographs has been in native format with metadata intact.

The Court notes that the parties in their jointly prepared Report of Parties' Planning Conference stated that they anticipated the disclosure or discovery of ESI, but "did not believe their claims or defenses will involve extensive electronic information or that a substantial amount of discovery or disclosures will involve electronic records or information." This language was incorporated in the Scheduling Order (ECF No. 17) entered by the Court on June 22, 2015. Despite counsels' early statements reflecting their belief that discovery would not involve extensive electronic information or would involve electronic records or information, Plaintiff thereafter served discovery requests expressly requesting that Defendant produce "ESI (in native format with all metadata and attachments included)." There is no indication that prior to serving her discovery requests that Plaintiff informed Defendant that she would be seeking ESI in native format with all metadata and attachments included. When she did serve her discovery requests expressly seeking ESI in native format, Defendant asserted an objection under Rule 34(b)(2)(E) but did not specify the form it intended to use for producing the ESI.

As set out in the advisory committee's note to Rule 34(b), "the responding party must state the form it intends to use for producing electronically stored information . . . if the responding party objects to a form that the requesting party specifies."[19] Defendant, as the responding party, did not state the form it intended to use for producing the ESI responsive to Request No. 10. It further has not supported its objection by explaining why it cannot or should not produce the requested ESI, which presumably primarily consists of emails, in native format with all metadata and attachments included. Defendant admits that it has previously produced

---

[19] Fed. R. Civ. P. 34(b) advisory committee's note to 2006 amendment.

material in native format.  Defendant's objection to Request No. 10, to the extent it seeks

production of ESI in native format with metadata and attachments included, is overruled.

The Court therefore grants Plaintiff's motion to compel with respect to her amended

Request No. 10.  If Defendant has not already done so, it is ordered to produce ESI responsive to

Request No. 10 in native format (with metadata and attachment included) resulting from searches

ran using the ten search terms listed in Plaintiff's Amended Request No. 10.

### C.        Request No. 11 (Employee Handbook)

Plaintiff's Request No. 11 seeks "Defendant's employee handbook in effect during

Plaintiff's employment at St. Francis."  Defendant objected to Request No. 11 as "overbroad and

not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

waiving this objection, [Defendant] has produced its nondiscrimination policy and its harassment

policy."

In her motion to compel, Plaintiff requests that the Court order Defendant to produce a

complete copy of the handbook and not allow Defendant to limit its production to just the

policies it believes to be responsive.  Defendant states in its response brief (ECF No. 70) that it

provides its employment policies online rather than in a physical employee handbook, and it

therefore cannot produce a document that does not exist.

The Court agrees that obviously Defendant cannot produce a document that does not

exist, but Defendant's response to Plaintiff's Request No. 11 only objected to the request as

overbroad and irrelevant.  Defendant gave no indication that the requested employee handbook

did not exist during Plaintiff's employment with Defendant.  As Defendant does not reassert its

overbroad and irrelevance objections in its response to Plaintiff's motion, the Court overrules

those objections and grants Plaintiff's motion. Defendant shall amend its response to Request

No. 11 to expressly state whether such a document existed during Plaintiff's employment and, if so, produce the document.

### D.    Request No. 16 (Communications Between Defendant and Conifer)

Plaintiff's Request No. 16 asks Defendant to produce the following:

[E]ach document, including but not limited to, emails, text messages, electronically stored information ("ESI") (in their native format containing all metadata) or reports that were drafted, written, typed, created by or received by any current or former employee, administrator, manager or supervisor of St. Francis that was sent to Conifer employees, managers, supervisors or executives that mentions plaintiff or other African American(s), the contract (or termination of the contract between Defendant and Conifer) or allegations of harassment and/or retaliation during the time [Plaintiff] performed work at Defendant's facilities.

Defendant objected to Request No. 16 as imposing obligations in excess of those set forth in Fed. R. Civ. P. 34(b)(2)(E) and as improperly compound, seeking materials regarding four separate inquiries.  It further objects to Request No. 16 as overbroad and not reasonably calculated to lead to the discovery of admissible evidence by seeking all documents regarding "other African American(s)," which makes the request potentially encompasses communications regarding patients, unrelated employees, and potentially any African American. Defendant further objected that the request was not limited to claims of racial discrimination, harassment, and retaliation.

Plaintiff indicates in her motion that the dispute regarding Request No. 16 concerns whether communications between Defendant and Conifer that mention Plaintiff or Ms. Clark are discoverable.  According to Plaintiff, any communications between the entities mentioning Plaintiff and/or Ms. Clark during the relevant period likely mention issues related to their employment, job performance and/or the claims in this case. Plaintiff argues that it is hard to imagine that communications exist that would not be related to these subjects.

In its response, Defendant states that it is unclear what Plaintiff seeks to compel.  It also reasserts its objection that the Request is facially overbroad with respect to "other African American(s)."  In her motion, Plaintiff restricts her request for documents that mention "other African Americans" to Ms. Clark.  To the extent Plaintiff purports to limit Request No. 16 to argument in her motion, Defendant states that it has, after a reasonable search, already produced all its communications with Conifer regarding Plaintiff.

The Court sustains Defendant's overly broad objection to Plaintiff's Request No. 10 to the extent it requests documents that mention "other African American(s),"with the exception of Ms. Clark.   The Court overrules Defendant's remaining objections.  Accordingly, Plaintiff's motion to compel with respect to Request No. 16 is granted in part and denied in part.  If Defendant has not already done so, it is ordered to produce responsive documents between Defendant and Conifer that mention Plaintiff and/or Ms. Clark during the relevant period.

### E.      Interrogatory Nos. 16 and 17 (Defendant's Discovery Search Efforts)

Plaintiff's Interrogatory No. 16 asks Defendant to "[i]dentify (1) the search terms utilized, and (2) each computers/systems searched or queried to locate electronically stored information ("ESI") responsive to these interrogatories and/or Plaintiff's Request for Production of Documents."

Plaintiff's Interrogatory No. 17 asks Defendant to "[i]dentify the protocol and methods that Defendant utilized to search [its] hard drives, computers, servers, personal hand held device, phones, databases, e-mail folders, document programs and applications to locate and collect all ESI responsive to these interrogatories and/or Plaintiffs Request for Production of Documents."

Defendant objected to both Interrogatories as not reasonably calculated to lead to admissible evidence and seeking information protected by attorney-client privilege and work product protection.  Defendant further referred Plaintiff to its responses to specific requests for

search term and stated if Plaintiff believes other search terms are appropriate, Defendant was available to discuss.

Plaintiff argues that she should be allowed to test whether Defendant's searches for responsive documents were complete and forensically sound. She alleges that Defendant has produce very few emails from the key players and has not produced a single email concerning Father Peter, who Plaintiff describes as Defendant's "star witness" regarding the denial of Plaintiff's claims. Plaintiff contends that Defendant should be ordered to answer interrogatories concerning its efforts to search for and produce ESI responsive to Plaintiff's discovery requests.

Defendant argues that Plaintiff did not confer regarding her intent to seek inquiry into any preservation or collection efforts as part of the parties' Rule 26(f) discussions or before serving her interrogatories. It also argues that that these type of interrogatories are those strongly discouraged under the District of Kansas ESI Guidelines.

This Court has issued Guidelines for Cases Involving ESI. Guideline 25 addresses discovery concerning preservation and collection efforts. It provides:

> Discovery concerning the preservation and collection efforts of another party, if used unadvisedly, can contribute to unnecessary expense and delay and may inappropriately implicate work product and attorney-client privileged matter. Routine discovery into such matters is therefore strongly discouraged and may be in violation of Fed. R. Civ. P 26(g)'s requirement that discovery be "neither unreasonable nor unduly burdensome or expensive". Prior to initiating any such discovery, counsel shall confer with counsel for the party from whom the information is sought concerning: (i) the specific need for such discovery, including its relevance to issues likely to arise in the litigation; and (ii) the suitability of alternative means for obtaining the information. Discovery into such matters may be compelled only on a showing of good cause considering at least the aforementioned factors. Nothing herein exempts deponents on merits issues from answering questions concerning the preservation and collection of their documents, ESI, and tangible things.[20]

---

[20] United States District Court for the District of Kansas, *Guidelines for Cases Involving Electronically Stored Information* (Nov. 20, 2015), http://www.ksd.uscourts.gov.

The Court agrees with Defendant that Plaintiff has not shown that her counsel conferred with Defendant's counsel on this issue and advised Defendant of the reasons why Plaintiff has concerns prompting the specific need for such discovery and whether there are alternative means to address Plaintiff's concerns.  Plaintiff's motion to compel as to Interrogatory Nos. 16 and 17 is therefore denied, but without prejudice to further motion showing specific instances and examples from which the Court could reasonably conclude that Defendant did not make reasonable and adequate efforts to preserve or collect relevant information and thereby justify discovery concerning Defendant's preservation and collection efforts.  By **December 8, 2015**, Plaintiff's counsel shall make efforts to confer (talk) with Defendant's counsel regarding the ESI concerns and issues that are the subject of Interrogatory Nos. 16 and 17.  If the dispute is still not resolved and Plaintiff still seeks to compel Defendant to answer these Interrogatories, counsel for Plaintiff shall contact chambers by **December 10, 2015** to schedule a telephone conference.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel Defendant to Search for and Produce Electronically Stored Information and Other Documents and Answer Certain Interrogatories (ECF No. 63) is granted in part and denied in part.  Plaintiff's motion is granted as to Request Nos. 10 and 11, and granted in part as to Request No. 16.  The motion is denied as to Request No. 2, and denied *without prejudice* as to Interrogatory Nos. 16 and 17.  All production ordered herein shall be accomplished **within fourteen (14) days of the date of this Memorandum and Order**.

**IT IS FURTHER ORDERED THAT** each party shall bear its own costs related to this motion.

IT IS SO ORDERED.

Dated this 23rd day of November 2015, at Kansas City, Kansas.

_s/ Teresa J. James_
Teresa J. James
United States Magistrate Judge