IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PAMELA BANKS,**

    **Plaintiff,**

    v.

**ST. FRANCIS HEALTH CENTER, INC.,**

    **Defendant.**

Case No. 15-CV-2602-JAR

## MEMORANDUM AND ORDER

Before the Court are Defendant's Motion for Leave to File Under Seal Memorandum in Opposition to Plaintiff's Motion for Reconsideration (Doc. 114) and Motion for Leave to File Under Seal Defendant's Motion for Summary Judgment (Doc. 116). In support of the motion to seal Defendant's response to Plaintiff's Motion for reconsideration, Defendant states that certain exhibits were produced in discovery by a third party, were designated "Confidential" pursuant to the Protective Order, and contain personal and financial information. Defendant thus seeks to file its memorandum of law and all accompanying exhibits under seal. Similarly, in support of its motion to seal Defendant's summary judgment motion, Defendant states that certain exhibits were designated "Confidential" pursuant to the Protective Order and contain personal, business, and financial information. Defendant thus seeks to file the memorandum of law and all exhibits under seal. For the reasons below, both motions for leave to file under seal are denied.

Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents."[1] The Court, however, does have

---

[1] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

"discretionary power to control and seal, if necessary, records and files in its possession."[2]  "In exercising this discretion, [the court] weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties."[3]  "The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture."[4]

First, the Court notes that the motions are filed without clear designation of the exhibits. Although the motion to seal refers to exhibits by letter, for example, Exhibit C, the actual document does not make clear which exhibit is Exhibit C.  The general practice guidelines in this District require exhibits to be clearly and adequately described.  The exhibits to Defendant's summary judgment motion and Defendant's response to Plaintiff's Motion for Reconsideration shall be properly labeled when Defendant re-files the briefs and accompanying documents.

Additionally, the Court finds nothing in the memoranda of law associated with each motion, nor in any of the exhibits, that warrant sealing any of these documents.  The fact that some of these exhibits were designated "Confidential" pursuant to the Protective Order is not sufficient to justify sealing the entire briefs and attached exhibits, nor is there anything sufficiently sensitive in any of the documents to warrant sealing even selected exhibits.  The only sensitive information the Court can discern is the Plaintiff's personal identifying information such as her social security number, home address, birth date, and bank account information. That information is subject to the redaction policy set out in Fed. R. Civ. P. 5.2(a) and shall be redacted accordingly before the documents are re-filed.  Those redactions may be completed

---

[2]*Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[3]*Id.*; *see also United States v. Apperson*, Nos. 14–3069, 14–3070, 2016 WL 898885, at*6 (10th Cir. Mar. 9, 2016).

[4]*McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2010 WL 4024065, at *1 (D. Kan. Oct. 13, 2010).

without further order from the Court.  If the parties agree that certain other exhibits or documents should be filed in redacted form (aside from redactions of the identifying information discussed above), either party may file a motion for leave to file redacted versions, with the unredacted copies provided separately to the Court; the Clerk's office will then file the unredacted copies as sealed attachments.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Leave to File Under Seal Memorandum in Opposition to Plaintiff's Motion for Reconsideration (Doc. 114) and its Motion for Leave to File Under Seal Defendant's Motion for Summary Judgment (Doc. 116) are denied without prejudice.

**IT IS SO ORDERED.**

Dated: May 9, 2016

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE