## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PAMELA BANKS,

     Plaintiff,

     v.                                Case No. 15-CV-2602-JAR

ST. FRANCIS HEALTH CENTER, INC.,

     Defendant.

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff's Motion for Reconsideration of a Portion of the Court's Memorandum and Order, and/or For Leave to File Third Amended Complaint (Doc. 104). On March 31, 2016, this Court entered a Memorandum and Order denying Defendant's motion to dismiss Plaintiff's race discrimination claim and granting its motion to dismiss Plaintiff's retaliation claim and her claim of interference with contractual relations.[1] Plaintiff now asks the Court to reconsider the dismissal of her retaliation and interference with contractual relations claims, and she requests leave to amend her complaint. Defendants have filed their response in opposition to Plaintiff's motion and the Court is prepared to rule. For the reasons below, the Court denies Plaintiff's motion.

### I.     Motion for Reconsideration

Although there is no clear rule for reconsidering a dispositive order where no judgment has been entered in the case, the Court has an "inherent power to review its interlocutory orders."[2] In so doing, the Court applies "the legal standards applicable to a Rule 59(e) motion to alter or amend and/or a motion to reconsider a non-dispositive order under D. Kan. Rule 7.3,

---

[1] Doc. 96.

[2] *Ferluga v. Eickhoff*, 236 F.R.D. 546, 549 (D. Kan. 2006).

which are essentially identical."[3]  A motion seeking reconsideration "shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[4]  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[5]  "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[6]

In this case, Plaintiff contends that there is newly discovered evidence in the case that warrants reconsideration of the Court's Memorandum and Order dismissing her retaliation and interference with contractual relations claims.  She presents five categories of evidence that she claims are new and support the claims that were previously dismissed by the Court.  This evidence shows that Plaintiff reported harassment to Conifer; Conifer initially planned to address Plaintiff's concerns while keeping her at St. Francis; a Conifer Human Resources representative visited St. Francis to investigate Plaintiff's complaints; Conifer adjusted its plan and decided to remove Plaintiff from St. Francis; and the only available position that Conifer could find for Plaintiff was as an accounts receivable collections representative based in Florida.

Despite Plaintiff's characterization of this evidence as "new," each of these allegations was made at least in general terms in Plaintiff's Second Amended Complaint.  Plaintiff may not have had the documentation to support these allegations yet, or known specific details about them, but none of these concepts is new.  The Court considered all of Plaintiff's allegations in

---

[3]*Id.*

[4]D. Kan. Rule 7.3(b); *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (stating the same three grounds for a Rule 59(e) motion).

[5]*Ferluga*, 236 F.R.D. at 549 (citing *Servants of Paraclete*, 204 F.3d at 1012).

[6]*Id.*

her Second Amended Complaint, including the five she now claims are supported by new evidence, and found that her retaliation and contractual interference claims warranted dismissal.[7] Plaintiff fails to present any real new evidence to support reconsideration of the Court's Memorandum and Order.  "[A] motion to reconsider is not an opportunity to rehash previously rejected arguments or to offer new legal theories or facts."[8] This is essentially what Plaintiff is asking this Court to do.  Accordingly, the Court denies Plaintiff's motion to reconsider its order granting Defendant's motion to dismiss as to Counts II and III of Plaintiff's Second Amended Complaint.

## II.    Motion for Leave to File Third Amended Complaint

Plaintiff also asks the Court for leave to file a Third Amended Complaint to cure the defects the Court identified in its Memorandum and Order granting dismissal of her retaliation and contractual interference claims.  She claims that documents produced in discovery by Conifer provide new evidence that lend factual support to her claims and should allow her to pursue her original claims, including the two claims that the Court dismissed.

When the time to amend a pleading has expired, a party may amend either with the opposing party's written consent or the Court's leave.[9]  Leave to amend a pleading is freely given "when justice so requires."[10]  Generally, a party is granted leave to amend unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[11]

---

[7]Doc. 96 at  9–11.

[8]*Id.* (citing *Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 377 F. Supp. 2d 952, 976 (D. Kan. 2005)).

[9]Fed. R. Civ. P. 15(a)(2).

[10]*Id.*

[11]*Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

Courts deny leave to amend if the proposed amendment would be futile, meaning the amended complaint would be subject to dismissal.[12]  Defendant here argues that Plaintiff's proposed amendment would be futile and thus the Court should deny leave to amend.  The Court agrees.

As the Court has already noted, the "new" evidence Plaintiff presents is not actually new. The documents Plaintiff provides merely lend specificity to the claims Plaintiff already made in her Second Amended Complaint.  The proposed Third Amended Complaint Plaintiff has submitted with her motion is only very slightly distinct from the Second Amended Complaint, and the distinctions do not cure the defects the Court noted in its previous Memorandum and Order.

In her proposed Third Amended Complaint, Plaintiff adds to her retaliation claim a paragraph stating that the Human Resources manager from Conifer believed that the environment at St. Francis was "appalling" and that Plaintiff and another employee needed to be removed from St. Francis.  This provides no additional substance to support Plaintiff's retaliation claim, which the Court found deficient because Plaintiff failed to allege that she suffered an adverse employment action.  Plaintiff's proposed amendment does not remedy that failure, but instead merely demonstrates that Conifer chose to remove her from St. Francis.  This is not new information, nor is it an adverse employment action contemplated by Title VII or § 1981.[13]  The Court therefore finds that amendment is futile as to Plaintiff's retaliation claim.

---

[12]*Steinert v. The Winn Grp.*, 190 F.R.D. 680, 682 (D. Kan. 2000).

[13]In the heading for Counts II and III in Plaintiff's proposed Third Amended Complaint, she adds that the alleged retaliation and contractual interference were in violation of the Kansas Act Against Discrimination ("KAAD") in addition to Title VII and § 1981.  But nowhere else in the Complaint does she mention KAAD as a basis for liability.  The Court is not inclined, at this very late stage of the litigation, to allow Plaintiff to add a new basis for liability that was not alleged in the three previous iterations of her Complaint and is not fleshed out at all in this proposed Third Amended Complaint.  Plaintiff had the opportunity to bring KAAD claims in her Second Amended Complaint and did not do so; she may not do so now.

Plaintiff's proposed amendment also only slightly alters Count III, her interference with contractual relations claim. Where her Second Amended Complaint stated that "St. Francis intentionally interfered with Ms. Banks' right to enjoy the conditions and privileges of her employment with Conifer," her proposed amendment states that St. Francis intentionally interfered with her right "to enjoy the conditions and privileges of her patient advocate position at St. Francis." The proposed amendment also adds that St. Francis's interference with Plaintiff's contractual relationship with Conifer "result[ed] in a loss of the patient advocate position at St. Francis and a transfer to a less desirable accounting position in Boca Raton, Florida." While this adds specificity to the claims Plaintiff alleged in her Second Amended Complaint, it does not correct the deficiency in her complaint. Even if the Court were to allow her proposed amendment, Plaintiff fails to show that her employment with Conifer was harmed by her removal from St. Francis. She conclusively states that the new position was less desirable than her previous position, but alleges no facts to support that claim. There is no indication that her salary or benefits changed. And even if her new position was less desirable, this is not sufficient to show that her contractual relationship with Conifer was impaired. She continued to work for Conifer after she was removed from St. Francis. Plaintiff's proposed amendment does not remedy the deficiencies the Court identified in its Memorandum and Order. Accordingly, the Court finds that amendment is futile and Plaintiff's motion for leave to amend is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration of a Portion of the Court's Memorandum and Order of March 31, 2016 and/or Leave to File Third Amended Complaint (Doc. 104) is denied.

**IT IS SO ORDERED.**

Dated: August 18, 2016

5

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE